**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**GWENDOLYN FOSTER BILBO**                                                      **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 2:08cv173KS-MTP**

**TOYOTA MOTOR CREDIT CORPORATION**                                   **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion to Compel Arbitration **[#5]** filed on behalf of the defendant. The court, having reviewed the motion, the pleadings and exhibits on file and being advised that the plaintiff has failed to respond to the motion, finds that the motion is well taken and should be granted. The court specifically finds as follows:

The plaintiff, Gwendolyn Foster Bilbo ("Bilbo") and Kenneth S. Foster ("Foster") purchased a used 2001 Toyota Sequoia automobile from Toyota of Hattiesburg, Inc. ("Toyota of Hattiesburg") on November 27, 2006. Bilbo and Foster executed a retail installment contract in conjunction with the purchase of the vehicle. Included in the installment contract was an arbitration agreement which provided:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Agreement, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, your purchase or financing contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign your purchase or financing contract) shall, at your or our election, be resolved

by neutral, binding arbitration and not by a court action.

The arbitration agreement is applicable to Toyota Motor Credit Corporation ("TMCC") as an assignee of Toyota of Hattiesburg.  *See* Exhibit "B" to the motion.

Bilbo originally filed this action against TMCC in the County Court of Forrest County, Mississippi, Civil Action No. C008-0650, on July 7, 2008.  The plaintiff admits that she was "late on certain payments" due under the contract, but contends that she had reached an agreement with TMCC to bring her payments current.  Despite that alleged agreement, Bilbo contends that the vehicle was wrongfully repossessed on August 30, 2007.  The complaint asserts claims for wrongful repossession, tortious breach of contract, and negligence.  Bilbo seeks damages for severe emotional distress, embarrassment and humiliation, damage to her reputation, and out-of-pocket economic loss and has demanded an unlimited and unspecified amount in actual and punitive damages from TMCC.

## **STANDARD OF REVIEW AND ANALYSIS**

The arbitrability of claims brought in federal court is governed by Section 2 of the Federal Arbitration Act (FAA) which provides, in pertinent part, that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C.A. § 2 (2007).

Controlling case law makes it clear that the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues

should be resolved in favor of arbitration. *Southland v. Keating*, 465 U.S. 1, 10 (1983); *Mouton v. Metropolitan Life Ins. Co.*, 147 F.3d 453, 456 (5th Cir. 1998). This court has recognized the strong federal policy favoring enforcement of arbitration agreements, and is acutely aware of the Supreme Court's requirement "that [courts] 'rigorously enforce agreements to arbitrate.'" *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.* , 460 U.S. 1, 24 (1983). The FAA contemplates that parties that are aggrieved by another party's failure to arbitrate under a written agreement, may file a motion to stay the trial of an action until such arbitration has been had in accordance with the terms of the agreement. *See*, 9 U.S.C. § 3.

As provided for in Section 2 of the FAA, the contract in dispute must evidence a transaction involving interstate commerce. The Supreme Court has recognized that Congress, in enacting the Federal Arbitration Act, meant to exercise the full extent of its powers under the commerce clause of the Constitution to ensure that the FAA applies to any arbitration contract involving interstate commerce. *Allied-Bruce Terminix Companies Inc. v. Dobson*, 513 U.S. 265, 130 L. Ed. 2d 753 (1995). The lending transaction in this case constituted a consumer credit transaction imbuing it with the necessary interstate character. Further, the plaintiff has not disputed that the transaction in question involves interstate commerce within the meaning of the FAA.

To determine whether parties should be compelled to arbitrate involves a two-step inquiry. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996). First, the court must determine whether the parties agreed to arbitrate the dispute at issue. *Id.* at 258. This determination involves two additional considerations: (1) whether there is a

valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Id.* The documents signed by the plaintiff includes a separate "ARBITRATION AGREEMENT". This document clearly put the plaintiff on notice that any dispute between her and TMCC is to be resolved by submission of the dispute to binding arbitration, including the dispute in question here.

The claims raised by Bilbo are all based upon the contract, her purchase, and the financing of the vehicle. Without the contract, Bilbo would have no claims. By its explicit terms, the arbitration agreement is applicable to "[a]ny claim or dispute" involving or relating to the underlying transaction, not merely those between Bilbo and Toyota of Hattiesburg.

Once the court finds that the parties agreed to arbitrate, it must then determine whether any legal constraints external to the parties' agreement foreclose the arbitration of the claims involved. *See, id.* The court can find no legal constraint which prevents this case from being submitted to arbitration. As stated, the plaintiff has failed to respond to this motion, thus, she has not presented any argument that this matter should not be submitted to arbitration. Therefore, the court finds that this matter is governed by the Federal Arbitration Act and that as such the claims of the plaintiff are subject to arbitration.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion to Compel Arbitration **[#5]** is Granted and the parties are ordered to submit the matter to binding arbitration as per the agreement between the parties.

IT IS FURTHER ORDERED AND ADJUDGED that this matter is dismissed

without prejudice subject to a re-filing of a future separate action to enforce any arbitration award and that any other pending motions herein are denied as moot.

SO ORDERED AND ADJUDGED, this the 3rd day of November, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE